PELZER v. DALE CO.

(Circuit Court, S. D. New York. June 26, 1900.)

PATENTS—INVENTION—ELECTRIC LIGHT AND GAS FIXTURES.

The Stieringer reissue No. 11,544 (original No. 294,697), for a combined gas and electric light fixture, is void for lack of patentable invention, in view of the prior patent to the same inventor, which covered a device for utilizing gas fixtures for electric lights with safety, the improvement on such device embodied in the later patent, by which certain of the arms of the fixture were still used for gas, while the others carried electric lights, being one which would readily occur to a mechanical electrician.

Dyer, Edmonds & Dyer, for complainant.
Henry M. Brigham, for defendant.

SHIPMAN, Circuit Judge. This bill in equity was brought to restrain the infringement of reissued letters patent No. 11,544, dated May 26, 1896, issued to Luther Stieringer, assignor to George Maitland, in lieu of original patent No. 294,697, dated March 4, 1884, for a combined gas and electric light fixture. Another original patent had been issued to Stieringer, dated June 6, 1882, for an improvement in electrical fixtures, and had been reissued as No. 11,478, dated March 12, 1895. These two original patents were declared invalid by the circuit court for the Eastern district of Pennsylvania (Maitland v. Gibson, 63 Fed. 126), which decision was affirmed by the circuit court of appeals (11 C. C. A. 446, 63 Fed. 840). Thereupon applications for reissues of each patent were filed, reissues were granted, the earlier patent was sustained in this court (Maitland v. Archer & Pancoast Co., 72 Fed. 660), and its decision was sustained in the court of appeals for this circuit (29 C. C. A. 607, 86 Fed. 124). The object of the invention described in the reissued patent now in suit was to produce a combined gas and electric light fixture, which should in all material respects have the appearance of the usual gas fixture with radial arms, but in which a part of the projecting arms should be devoted to gas and a part should be exclusively used for electric light. The invention was safe, useful, and successful, while each device of the prior art shown in the record, which attempted to be a combined gas and electric fixture, was a failure. The Stieringer patent was not anticipated, and infringement of its claims 1, 5, and 6 is not denied. The defendant's fixtures are, in material respects, a copy of the patented fixture.

The question of importance is that of patentable invention in view of Stieringer's prior patent, reissue No. 11,478, and this question compels a restatement of what the patentee had done, as shown in the

earlier patent. The demand for that invention, the gist of it, and its utility were described in the opinion of the court of appeals (29 C. C. A. 607, 86 Fed. 124) as follows:

"Shortly before the year 1881 the means by which Edison's incandescent electric lamp could be introduced into houses and buildings which had theretofore been lighted by gas, and which were supplied with gas fixtures, began to be actively discussed by electricians and mechanics. The public was accustomed to gas fixtures. Much money had been expended in developing graceful and ornamental styles. The fixtures to be used exclusively for the new lamp were undeveloped, and those who proposed to try electricity as an illuminating agent desired to use the class of fixtures to which they were accustomed. The objection to such use was that, if the gas-pipe system was employed as a support for the two electrical wires, the gas-pipe outlet, which connected with the ground, would be a source of constant danger to the safety of the electrical appliances and of the house itself. Underwriters against fire became alarmed, and finally demanded that, where incandescent lights were attached to a gas fixture, or a metallic fixture having a ground connection, the wires should be separated 2½ inches from each other, or should be separated from the metal of the fixtures by some solid insulation. * * * The gist of the invention consisted in making use of metallic gas fixtures by introducing insulated conducting wires concealed within the fixtures, and capable of carrying the electric current to and from the electric lamps; in supporting the fixtures by the gas outlets or gas pipes; and in placing a joint having metallic couplings and an intermediate section of insulating material between the upper end of each fixture and the end of the gas pipe, so as to secure complete insulation of the fixture from the grounded piping of the house. The utility of the invention is acknowledged by the universality of its use without special modification. The gas metallic terminals furnish a strong and convenient support, the insulation avoids the danger which would otherwise result from the use of grounded metallic piping, and the concealed wires are neither unsightly nor liable to abrasion."

What Stieringer did was to make a safe and successful electric light fixture from a gas fixture with radial arms, and unaltered in its external appearance. What he successfully undertook in the new invention was to alter this new fixture so that a part of the arms could be used for gas and a part for electric light; and the way in which he accomplished the desired result was, speaking generally, by preventing the flow of gas into those radial arms which were to be used for electric light, by making openings into those arms for the wires which carry the current to the electric lamp arms, and introducing the two main wires into the space between the ordinary iron gas pendant and the ornamental shell which surrounds it. In the complainant's brief a more particular description is given, which is condensed as follows: In the ordinary gas fixture this central iron pendant is screwed at its bottom into a cast-iron distributing body, from which the gas arms project radially. The distributing body is a small cast-iron box, having a hole in its top for receiving the central gas pipe, and holes in the sides for receiving the arms. The central gas pipe, the distributing body, and the arms are the skeleton of the fixture. This skeleton is surrounded by an ornamental shell. The radial gas arms are usually not so surrounded, being generally made of polished brass. Taking this structure, Stieringer closed the gas passage between the gas distributing body and part of the radial arms, and made openings into these radial arms outside of the distributing body, but within the space formed by the ornamental shell. The electric lamps are mounted upon these radial

arms, which are cut off from the gas passageway, while the gas burners are carried by the radial arms which remain open to that passageway. For supplying current to the electric lamps, two main wires are introduced into the space between the ornamental shell and the central gas pipe. They enter that space below the upper end of the central gas pipe, but above an adjustable canopy. Openings are made in the top of the ornamental piping to permit the passing of the wires into this space. These main wires pass down alongside of the central gas pipe, but inside of the ornamental piping, and enter the space between the gas distributing body and the ornamental shell. The electric lamp arms are provided each with two wires, which pass from the electric lamp socket through that arm into the space around the distributing body, where the two arm wires are connected with the two main wires.

It will thus be seen that, having utilized the old gas fixture so as to make it safe for electric light purposes, the patentee, in his second invention, permitted a part of the arms to be used for gas purposes, and sent the electric current through main wires placed in the space between the central pendant and the external shell. This use of that space was not novel, but had been customary in devices for electrically lighting gas fixtures. If one places himself at the point of time prior to the earlier invention, there is, as it seems to me, little difficulty in seeing inventive genius in the entire result of a combined gas and electric light fixture; but when the practical difficulties in the way of safety had been surmounted, and an electric light fixture had been obtained from a gas fixture, I see no inventive genius in permitting the new electric fixture to accomplish in part its original object,—that of furnishing light by gas. The accomplishment of the result would have been difficult for a mechanic of another class, but to the mechanical electrician the important feature of the invention, which was to place the main wires in the vacant space between the pendant and the shell, and connect them with the wires in the electrical radial arms, was a simple matter. I therefore think that Stieringer's improvement upon his first invention, although novel, useful, and still utilized by persons who desire to have in their houses means for the immediate use of either illuminant, has not the element of patentable invention. The bill is dismissed, with costs.